UNITED STATES DISTRICT COURT
DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



| | |
|---|---|
| PENNY EVANS,<br>Plaintiff<br><br>v.<br><br>COMPUTER SCIENCES CORPORATION<br>Serve: CT Corporation System, Registered Agent<br>      4701 Cox Road, Suite 301<br>      Glen Allen, Va 23060-6802<br><br>And<br><br>AETNA LIFE INSURANCE COMPANY<br>Serve: CT Corporation System<br>      4701 Cox Road Suite 301<br>      Glen Allen, VA 23060-6802<br><br>Defendants. | COMPLAINT<br><br>TRIAL BY JURY<br>DEMANDED<br><br>Case No. 1:13-CV-808<br>GBL/TRJ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. JURISDICTION

1. Plaintiff brings this suit against Defendants Computer Sciences Corporation ("CSC") and Aetna Group Life Insurance ("Aetna"), to recover life insurance benefits to which she is entitled as a result of her husband's demise. The life insurance benefits were through Plaintiff and her deceased husband's employment, and as such are covered under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001, *et seq.* ("ERISA")

2. Plaintiff seeks an Order directing the defendants to fulfill disclosure requirements delineated in ERISA, e.g. by distributing Plan information by operation of law and by providing requested information. Further, Plaintiff seeks 29 USC §1132 ( c) (1)(B)

penalties in the amount of $110 per day for each violation. Additionally, Plaintiff seeks 29 USC §1132 (a)(1)(B) benefits from her life insurance plan. Plaintiff seeks punitive damages for the fiduciary breaches she has suffered. Finally, Plaintiff seeks an award of attorney's fees and costs as provided in 29 USC §1132(g).

3. Venue and jurisdiction in this Court is proper pursuant to 29 USC §1132(e).

## II. PARTIES

4. Plaintiff is a resident of the Commonwealth of Virginia.

5. Defendant CSC is a corporation doing business in the Commonwealth of Virginia.

6. Defendant Aetna is a corporation doing business in the Commonwealth of Virginia.

7. On information and belief, Aetna was the plan administrator for the CSC Employee Life Insurance Benefit plan, an employee welfare benefit plan established under ERISA and sponsored by CSC, whose offices are in the Commonwealth of Virginia.

## III. FACTUAL ALLEGATIONS

8. CSC employed Plaintiff from January 1996 through the present.

9. As part of her CSC compensation, Plaintiff was provided with employee benefits that included dependent life insurance benefits.

10. CSC, as the Plan Sponsor for the dependent life insurance benefit plan, is responsible for ensuring accurate communication about the benefits to all participants. CSC has a fiduciary duty to the plans it sponsors and to the participants and beneficiaries of those plans.

11. Aetna, as Plan Administrator, has a fiduciary duty to the plan members to provide information as required by law, and to administer the Plan and process claims under the Plan.

12. At the time Plaintiff was hired by CSC, CSC's life insurance plan provided for life insurance benefits for spouses of employees.

13. Plaintiff purchased an insurance policy for her spouse through the CSC life insurance plan, in the face value of $75,000. Plaintiff was the named beneficiary of this life insurance plan.

## COUNT I

## BREACH OF FIDUCIARY DUTY FOR FAILING TO PROVIDE A SUFFICIENT SMM BY OPERATION OF LAW

14. The allegations of paragraphs 1 through 13 are incorporated herein by reference.

15. Defendant Aetna, as Plan Administrator has failed, and continues to fail to comply with ERISA's requirements regarding disclosing plan information.

16. Federal law requires specific plan information to be disclosed by the Plan Administrator at stated times, or if certain events occur, "by operation of law". The first prong of disclosures generally involves the initial disclosure to a participant of the plan terms and involves subsequent disclosures when the plan terms have changed. By direct operation of law, the plan administrator must supply each new participant with a copy of the Summary Plan Description ("SPD"), which contains the plan terms. As time passes, changes made to the plan must be described to the participants in either an updated SPD or in a Summary of Material Modifications ("SMM").

17. The Plan Administrator failed to comply with ERISA because the Plan Administrator did not consistently furnish required plan documentation. Specifically, when there were changes made to the plan, the Plan Administrator did not provide a SMM to plan members describing the changes.

18. Defendants have breached their fiduciary by failing to provide required information to plan participants by operation of law.

19. Plaintiff has been prejudiced and damaged as a result of Defendants not providing the SMM, in that if such had been provided, she would have 1) stopped paying the premium for the insurance; and 2) found alternative life insurance coverage for her now deceased husband.

## COUNT II

### FAILURE TO PROVIDE SUFFICIENT SPD UPON REQUEST

20. The allegations of paragraphs 1 through 19 are incorporated herein by reference.

21. In addition to federal law requiring disclosure of plan information by operation of law, federal law requires the disclosure of specific plan information upon a participant's request.

22. On February 1, 2013, Plaintiff, through her authorized agent, requested plan documentation from Defendant Aetna. A copy of the written request is attached hereto as Exhibit 1.

23. Also on February 1, 2013, Plaintiff, through her authorized agent, requested plan documentation from Defendant CSC. A copy of the written request is attached hereto as Exhibit 2.

24. This information was and continues to be critical to the ability of Plaintiff, as it is for all plan participants, to understand the coverage and disclosures that have been provided.

25. To date, neither the Plan Administrator nor the Plan Sponsor have provided any response to the written requests.

26. By failing to provide the requested documents, Defendants have violated the ERISA

requirements, which are enforced by civil penalties provided for within 29 USC §1132.

## COUNT III

## CLAIM FOR BENEFITS

27. The allegations of paragraphs 1 through 26 are incorporated herein by reference.

28. At the time Plaintiff was hired by Defendant CSC, the CSC benefit package included life insurance benefits for dependent spouses who were also employees of CSC.

29. Plaintiff elected this benefit package, and had premiums deducted from her paycheck for payment of the life insurance benefit for her dependent spouse.

30. At some time subsequent to Plaintiff's hiring by CSC, and unknown to Plaintiff, CSC purportedly changed its benefit package so as to exclude life insurance benefits for dependent spouses who were also employees of CSC.

31. Plaintiff was not provided a SMM which delineated this purported change.

32. Notwithstanding this attempted change of the benefit package, Defendant CSC continued to deduct premiums from Plaintiff's paycheck for payment of life insurance benefits for her spouse.

33. In March of 2012, Plaintiff's spouse was diagnosed with Multiple Myeloma. Plaintiff and her spouse thereupon reviewed their financial situation and Plaintiff's anticipated financial requirements after the death of her husband. In conjunction with this, Plaintiff and her spouse verified with Defendant CSC the existence, covered status and amount of the CSC life insurance plan for Plaintiff's spouse as a covered dependent. Defendant CSC assured Plaintiff that the plan was in full force and effect, and that she would receive $75,000 in benefits from this insurance plan upon her husband's demise.

34. Plaintiff relied on the continued existence of the life insurance benefit for her spouse in her life /estate planning.

35. Even if the changes to the Defendant's benefit package were otherwise viable, Defendants are estopped from denying the existence of the life insurance benefit for Plaintiff's spouse by virtue of the above facts.

36. Plaintiff's spouse passed away on November 27, 2012.

37. Subsequent to her spouse passing away, Plaintiff submitted a claim to Defendants for payment under the CSC benefit plan for Plaintiff's dependent spouse.

38. Defendants have refused to pay Plaintiff the claim submitted under her life benefit plan for her spouse.

## COUNT IV

### Breach of Fiduciary Duty by CSC

39. The allegations of paragraphs 1 through 38 are incorporated herein by reference.

40. CSC exercised discretionary authority over the management and administration of the CSC Employee Life Insurance Benefit Plan.

41. CSC was aware that Plaintiff was an intended beneficiary of the plan.

42. CSC had a fiduciary duty to administer the plan solely in the interest of participants and beneficiaries, and for the exclusive purpose of providing benefits to participants and their beneficiaries.

43. CSC breached its fiduciary duty by:

a. Failing to administer the ERISA plan in the best interests of its participants and beneficiaries including Plaintiff and her husband, and according to its intentions and as promised.

b. Denying Plaintiff claims for benefits under the CSC Employee Life Insurance Benefit Plan.

c. Misleading Plaintiff by affirmatively representing that her husband was covered by the plan.

d. Continuing to accept premiums for insurance coverage paid by Plaintiff up to and until the date of her husband's death, thereby affirmatively representing that Plaintiff's husband was covered by the plan.

44. As a result of CSC's breach of its fiduciary duty, Plaintiff has been deprived of the benefits of the plan.

## RELIEF SOUGHT

45. By not disclosing plan documents, Defendants have failed to comply with ERISA requirements for these plans for each year that SMMs and other plan documents were not timely disclosed. These failures occurred whether the disclosure requirements were triggered by operation of law or by request.

46. This on-going pattern of a failure to disclose by Defendants does not support a commitment to ERISA compliance and in fact shows a willful disregard for all the Plans' Participants.

Plaintiff requests that this Court enter an Order declaring the following:

1. That Plaintiff is entitled to these documents

2. Because the Defendants have not supplied the documents, or has not supplied them in a timely fashion, that Plaintiff is entitled to civil penalties of $110 per day from the day of each failure for each plan year involved.

3. That Plaintiff is entitled to payment of her claim of $75,000, or in the alternative,

|   |   |
|---|---|
|    | payment of damages for breach of fiduciary duty in the amount of $75,000. |
| 4. | That Plaintiff is entitled to punitive damages to be determined by the Court. |
| 5. | That Plaintiff is entitled to payment of attorney fees and costs |
| 6. | Legal interest from November 27, 2012 until paid. |
| 7. | That Plaintiff is entitled to any other relief as the court deems proper. |

**PLAINTIFF DEMANDS A TRIAL BY JURY**

PENNY EVANS,

Thomas R. Breeden, VSB # 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel (703) 361-9277, facsimile (703) 257-2259
trb@tbreedenlaw.com